FILED
May 15, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: RR
Deputy

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**Plaintiff,**<br>**v.**<br>**DANIELLA VASQUEZ**<br>**Defendant.** | **Case No: SA:24-CR-00246-FB**<br><br>**INDICTMENT**<br><br>**COUNTS ONE-FOUR: 18 U.S.C. § 1343**<br>**Wire Fraud** |

THE GRAND JURY CHARGES:

**INTRODUCTION**

At all times relevant to this Indictment:

**PERSONS AND ENTITIES**

1. Defendant **DANIELLA VASQUEZ** was a resident of San Antonio, Texas. Defendant had personal checking accounts at BBVA and PNC Bank.

2. BBVA's servers were located in Alabama. PNC's servers were located in Virginia.

3. A limited liability company, known to the Grand Jury, but identified herein only as COMPANY 1 did business in San Antonio, Texas and elsewhere. COMPANY 1 employed Defendant from May 2021 through approximately April 2022 as a controller. Among other duties, Defendant was responsible for making payments to vendors. To facilitate its business, COMPANY 1 had charge or credit cards issued in various employees' names.

4. A domestic limited partnership, known to the Grand Jury, but identified herein only as COMPANY 2 did business in San Antonio, Texas and elsewhere. COMPANY 2 employed Defendant as a bookkeeper. Among other duties, Defendant was responsible for making payments to vendors.

**COUNTS ONE AND TWO**
**[18 U.S.C. § 1343]**

5. Paragraphs One through Three of the Introduction to this Indictment are incorporated herein as if fully restated.

6. At all times relevant to this Indictment, COMPANY 1 was required to pay its federal payroll taxes to the Electronic Federal Tax Payment System, or “EFTPS”.

7. Beginning in or around June 2021 and continuing to in or around April 2022, the Defendant,

**DANIELLA VASQUEZ,**

did unlawfully and knowingly devise and execute a scheme to defraud COMPANY 1, and to obtain from COMPANY 1 money by means of false and fraudulent pretenses, representations and promises, through the actions set forth in the “Manner and Means” portion below.

**MANNER AND MEANS**

The scheme to defraud was accomplished through the following manner and means:

8. It was a part of the scheme that Defendant made unauthorized charges using a charge card issued in the name of an employee of COMPANY 1.

9. It was further a part of the scheme that Defendant directed unauthorized transfers from COMPANY 1 to her personal checking account at BBVA, and later, PNC Bank.

10. It was further a part of the scheme that Defendant falsely described many of those transfers as being “To TXEFTPS” to disguise them as COMPANY 1’s payroll tax payments.

11. It was further a part of the scheme that Defendant thereby falsely and fraudulently obtained approximately $604,496.03.

**THE EXECUTION OF THE SCHEME**

12. On or about the date stated below, for the Count listed below, in the Western District of Texas and elsewhere, the Defendant,

**DANIELLA VASQUEZ,**

for the purpose of executing the scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by wire in interstate and foreign commerce certain writings, signals, and sounds as set forth below.

| Count | Date | Description |
|---|---|---|
| One | July 1, 2021 | External transfer of $4,290.93 described as "TO TXEFTPS" from Company 1's Frost Bank account to Defendant's BBVA account |
| Two | April 11, 2022 | External transfer of $24,115.32 described as "TO TXEFTPS" from Company 1's Frost Bank account to Defendant's PNC Bank account |

**COUNTS THREE AND FOUR**
**[18 U.S.C. § 1343]**

13. Paragraphs One, Two, and Four of the Introduction to this Indictment are incorporated herein as if fully restated.

14. Beginning in or around April 2022 and continuing to in or around September 2022, the Defendant,

**DANIELLA VASQUEZ,**

did unlawfully and knowingly devise and execute a scheme to defraud COMPANY 2, and to obtain from COMPANY 2 money by means of false and fraudulent pretenses, representations and promises, through the actions set forth in the "Manner and Means" portion below.

**MANNER AND MEANS**

The scheme to defraud was accomplished through the following manner and means:

15. It was a part of the scheme that Defendant issued unauthorized checks from COMPANY 2 payable to her husband, either by using a PDF editor to alter checks that COMPANY 2 intended to issue to its vendors, or by temporarily changing vendors' names in COMPANY 2's accounting software before issuing the checks.

16. It was further a part of the scheme that Defendant used a mobile banking application to deposit the altered checks into a joint checking account belonging to Defendant and her husband.

17. It was further a part of the scheme that Defendant used a PDF editor to alter COMPANY 2's bank statements to conceal the scheme from COMPANY 2.

18. It was further a part of the scheme that Defendant thereby falsely and fraudulently obtained approximately $154,739.71.

## THE EXECUTION OF THE SCHEME

19. On or about the date stated below, for the Count listed below, in the Western District of Texas and elsewhere, the Defendant,

**DANIELLA VASQUEZ**,

for the purpose of executing the scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by wire in interstate and foreign commerce certain writings, signals, and sounds as set forth below.

| Count | Date | Description |
|---|---|---|
| Three | August 3, 2022 | Check for $13,927.76 from Company 1's Bank of San Antonio account deposited in Defendant's PNC Bank account |
| Four | August 8, 2022 | Check for $13,373.18 from Company 1's Bank of San Antonio account deposited in Defendant's PNC Bank account |

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
**[*See* Fed. R. Crim. P. 32.2]**

This Notice of Demand for Forfeiture includes but is not limited to the property described below.

**I.**
**Wire Fraud Violations and Forfeiture Statutes**
**[Title 18 U.S.C. § 1343; subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts One through Four, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

> **Title 18 U.S.C. § 981. Civil forfeiture**
>
> **(a)(1)** The following property is subject to forfeiture to the United States:
> * * *
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section ... or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Wire Fraud is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

**Title 28 U.S.C. § 2461.**

> **(c)** If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure...

**II.**
**Money Judgment**

**Money Judgment**: a sum of money which represents value of any property constituting, or derived from proceeds obtained directly or indirectly, as a result of the violations set forth above for which the Defendant is liable.

### III.
### Substitute Property

If any property subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute property pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

[redacted]

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: ______________________
ERIC YUEN
Assistant United States Attorney